# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **RICHARD JARMON,** | : |
| **Petitioner,** | : |
|  | : |
| **v.** | :    **CIVIL NO. 14-6038** |
|  | : |
| **SUPERINTENDENT KERESTES, et al.,** | : |
| **Respondents.** | : |
|  | : |

**FILED**

**MAR 1 0 2016**

MICHAEL E. KUNZ, Clerk
By_____Dep Clerk

## ORDER

**AND NOW**, this 8th day of March 2016, upon careful and independent consideration of the

*pros se* Petition for Writ of Habeas Corpus, Respondents' response thereto, and the state court

record, and upon review of the Report and Recommendation ("R & R") of United States

Magistrate Judge Jacob P. Hart [Doc. No. 14], and Petitioner's objections thereto [Doc. No. 15],

and for the reasons set forth in the thorough and well-reasoned R & R, it is hereby **ORDERED**

that:

    1.      Petitioner's objections are **OVERRULED**;[1]

---

[1] On September 25, 2007, Petitioner was convicted of first degree murder, conspiracy, aggravated assault, possessing an instrument of crime, and a firearms offense in the shooting death of Joseph El, and also of first degree murder, possessing an instrument of crime, and a firearms offense in the shooting death of Bruce Poles, in a single bench trial. The conviction was affirmed by the Superior Court of Pennsylvania on April 29, 2009. The state Supreme Court denied allocator on February 5, 2010. Petitioner then collaterally appealed his convictions through the state Post-Conviction Relief Act process. Having exhausted his state-court remedies, he filed the Petition now pending before this Court. The matter was referred to Magistrate Judge Hart, who filed an R & R recommending that the Court deny the petition on July 15, 2015. Petitioner timely objected to the R & R, objecting "to the Magistrate's Report and Recommendation (herein R&R) in its entirety." In his objections, he essentially restates the arguments made in his Petition.

    First, he challenges the sufficiency of the evidence at trial with regard to his specific intent to kill El and Pooles. In finding specific intent, the trial court relied upon both eyewitness testimony and physical evidence. Although Petitioner continues to argue that the eyewitness testimony was unreliable and should have been suppressed, having independently reviewed this claim, the Court adopts the reasoning and recommendation of the R & R on this issue.

    Next, Petitioner objects to the R & R's recommendation to reject his various claims for ineffective assistance of trial counsel. Having independently reviewed those claims, the Court adopts the reasoning of the R & R with regard to the ineffective assistance of trial counsel claims.

    Finally, Petitioner objects to the R & R with regard to his ineffective assistance of appellate counsel claim.

2.      The R & R [Doc. No. 14] is **APPROVED** and **ADOPTED** for the reasons set forth

therein;

3.      The Petition for Writ of Habeas Corpus by a Person in State Custody is **DENIED**

**AND DISMISSED WITHOUT AN EVIDENTIARY HEARING**; and

4.      There is no probable cause to issue a certificate of appealablity.

The Clerk of Court is **DIRECTED** to remove this case from civil suspense and to mark this

case closed.

It is so **ORDERED**.

                                        **BY THE COURT:**

                                        **CYNTHIA M. RUFE, J.**

---

Petitioner argues that appellate counsel was ineffective in that he failed to raise the issue of the denial of Petitioner's rights under the confrontation clause on appeal. Specifically, Petitioner argues that one medical examiner, Dr. Hood, testified regarding the autopsy reports from both victims, but Dr. Hood had only authored one of the autopsy reports (for Joseph El). This, Petitioner argues, violated his Sixth Amendment right to confront the author of the Poles autopsy report. The Court will assume, without deciding, that Petitioner would have been able to meet his burden of demonstrating that appellate counsel's performance was deficient, had *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009) and *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011) been decided before his direct appeal to the Superior Court was resolved. However, as the R & R notes, they were not. Moreover, the Court would still need to address the second *Strickland* criterion: whether Counsel's performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1983). In this case, Petitioner was identified by an eyewitness as Poles' shooter, and other evidence also supported the conviction. The Court cannot deny the state courts the deference due under the federal habeas statute. As there was substantial evidence supporting his conviction for shooting Poles, apart from the testimony from Dr. Hood regarding the Poles autopsy, the Court cannot find that any deficiency by appellate counsel prejudiced the defense.